**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **WILLIE CHAMBLIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:18-CV-0725-UJB-VEH |
| | ) |
| **VIAS (One Exchange Company),** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction and Procedural History**

On May 11, 2018, Defendant removed Plaintiff Willie Chamblin's ("Mr. Chamblin") state court case to this Court on the basis of diversity and federal question jurisdiction (arising under the Employee Retirement Income Security Act of 1974 ("ERISA")). (Doc. 1 at 2 ¶ 6; *id.* at 3 ¶ 8). Pending before the Court are a Motion To Remand Case Back to State Court (doc. 13) (the "Remand Motion") and a Motion for Preliminary Injunction (doc. 14) (the "PI Motion") filed by Mr. Chamblin on May 21, 2018. Mr. Chamblin is representing himself.

Mr. Chamblin claims in his Remand Motion that remand is appropriate because Defendant did not remove his case within thirty days of when it was originally filed. (Doc. 13 at 1). Pursuant to his PI Motion, Mr. Chamblin "seeks relief through this

injunction to move forward with the case from encountering any further financial hardship and continued decline in health." (Doc. 14 at 2). Mr. Chamblin also indicates that "opposing counsel needs to be restrain[ed] from any further advancement in the case until it is heard by the court." (*Id.* at 1). Finally, Mr. Chamblin complains about Defendant's unwillingness to settle as causing him "continued pain and suffering." *Id.* On May 22, 2018, Defendant opposed both motions. (Docs. 15, 16).

## II. Standards

### A. Subject Matter Jurisdiction

Unlike state courts, federal tribunals are bodies of limited jurisdiction, meaning that the grounds for the Court's jurisdiction over the claims asserted by the plaintiff must be present at the time the complaint is filed and must be obvious on the face of the complaint. FED. R. CIV. P. 8(a). The law is clear that Defendant, the party seeking to invoke federal jurisdiction in this case, has the burden to demonstrate that the Court has subject matter jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. . . . [and a]s he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court."). When a case is

removed, "[t]he existence of federal jurisdiction is tested as of the time of removal." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) (citing *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008)).

Further, "a federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits." *Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400-01 (11th Cir. 2000). Consequently, the Court cannot ignore jurisdictional concerns even if the parties have none.

### B. Preliminary Injunctive Relief

> A preliminary injunction is an extraordinary remedy which should only be granted if the moving party clearly establishes: (1) a substantial likelihood that he will prevail on the merits; (2) a showing that he will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

*Cunningham v. Adams*, 808 F.2d 815, 818-19 (11th Cir. 1987) (citing *Johnson v. U.S. Dep't of Agriculture*, 734 F.2d 774, 781 (11th Cir. 1984)); *see also United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983) (similar); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (similar); *Kaisha v. Swiss Watch International, Inc.*, 188 F. Supp. 2d 1350, 1353 (S.D. Fla. 2002) (similar).

The moving party carries the burden of persuasion to clearly establish each of these four elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th

Cir. 1983); *see also Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (similar); *McDonald's Corp.*, 147 F.3d at 1306 (similar). When analyzing the first two elements, "[t]he review 'require[s] a delicate balancing of the probabilities of ultimate success at final hearing with the consequences of immediate irreparable injury which could possibly flow from the denial of preliminary relief.'" *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1241 (11th Cir. 2005) (initial alteration added) (quoting *Siegel v. LePore,* 234 F.3d 1163, 1178 (11th Cir. 2000) (en banc)).

Granting a motion for a preliminary injunction is "the exception rather than the rule[.]" *Lambert*, 695 F.2d at 539 (citing *Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).[1] A district court's order granting or denying a motion for preliminary injunction is reviewed on appeal for abuse of discretion. *McDonald's Corp.*, 147 F.3d at 1306; *see also Buckeye v. Baker Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988) (similar) (citing *Jefferson County*, 720 F.2d at 1519).

"In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction." *Four Seasons*, 320 F.3d at 1210 (citing FED. R. CIV. P. 65(a)(1)). Sufficiency of notice "is a matter

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

left within the discretion of the trial court." *United States v. Alabama*, 791 F.2d 1450, 1458 (11th Cir. 1986). The notice requirement "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 434 (1974). "[T]he underlying principle of giving the party opposing the application notice and an adequate opportunity to respond is carefully honored by the courts." *Four Seasons*, 320 F.3d at 1210 (internal quotation marks omitted) (quoting 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2949 at 215). The decision to determine the appropriate amount of notice is left to the district court's discretion. *Four Seasons*, 320 F.3d at 1210. Nonetheless, a notice of only five (or fewer) days may be inadequate under certain circumstances. *See Four Seasons*, 320 F.3d at 1211 (describing situations in which the district court abused its discretion in providing too short of notice to the nonmoving party).

An evidentiary hearing is not always required prior to the issuance of a preliminary injunction; however, "where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held." *McDonald's Corp.*, 147 F.3d at 1312 (citing *All Care Nursing v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1538 (11th Cir. 1989)). When conflicting facts place "in serious dispute issues central to [a party's]

5

claims and much depends upon the accurate presentation of numerous facts, the trial court err[s] in not holding an evidentiary hearing to resolve these hotly contested issues." *Four Seasons*, 320 F.3d at 1211 (alterations added in *Four Seasons*) (internal quotation marks omitted) (quoting *All Care Nursing*, 887 F.2d at 1539).

**III. Analysis**

In light of the foregoing principles, Mr. Chamblin's Remand and PI Motions are both **DENIED**.

**A. Defendant's removal to this Court was substantively proper and timely.**

Concerning the Remand Motion, Mr. Chamblin does not contend that this Court lacks the authority to exercise diversity (under 28 U.S.C. § 1332) or federal question (under 28 U.S.C. § 1331) jurisdiction over this action. Additionally, the Court's mandatory independent review of the record confirms the substantive existence of both jurisdictional grounds as set out by Defendant in its Notice of Removal. (*See generally* Doc. 1).

More specifically, diversity jurisdiction is present because the opposing parties are citizens of different states and the damages specifically claimed by Mr. Chamblin of $100,000 (doc. 1-1 at 8)[2] exceed the jurisdictional threshold of $75,000 exclusive

---

[2] All page references to Doc. 1-1 correspond with the Court's CM/ECF numbering system.

6

of interest and costs.

Federal question jurisdiction is present because of ERISA's complete preemption doctrine. Although Mr. Chamblin does not expressly invoke ERISA, his allegations pertain to disputed benefits arising under an employee welfare benefit plan that is governed by ERISA. (*See generally* Doc. 1-1 at 8-10). Consequently, Mr. Chamblin's complaint requires resolution of a federal question. *See Ehlen Floor*, 660 F.3d at 1287 ("Federal question jurisdiction generally exists only when the plaintiffs' well-pleaded complaint presents issues of federal law, but the complete preemption doctrine of ERISA creates an exception to that rule." (citing *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009))).

Mr. Chamblin, instead, raises only a procedural challenge. He maintains that Defendant's removal tied to the filing of his complaint on April 6, 2018, in the Circuit Court of Jefferson County, is untimely. (Doc. 13 at 1); (Doc. 1 at 1 ¶ 1). Defendant counters that its removal is temporally compliant as measured from the service date of April 13, 2018. (Doc. 1 at 2 ¶ 3); (*see also* Doc. 1-1 at 11 (reflecting 4/13/18 as "Date of Delivery")).

28 U.S.C. § 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed <u>within 30 days after the receipt by the defendant, through service or otherwise</u>, of a copy of the initial pleading setting forth the claim for relief

7

upon which such action or proceeding is based . . . ." (emphasis added). Thus, the key date for measuring the timeliness of removal is not a case's filing date, but rather the date on which the removing party is served with (or receives through other means notice of) the complaint. Further, based upon the date of service of April 13, 2018, Defendant's removal on May 11, 2018, timely occurred within § 1446(b)(1)'s 30-day window.[3]

> **B. Mr. Chamblin has not carried his burden of clearly establishing a right to preliminary injunctive relief, and the injunctive relief he seeks is beyond what this Court has the power to award.**

Critical to his PI Motion, Mr. Chamblin has not identified any of the four prerequisites necessary to support his request for preliminary injunctive relief, much less carried his burden of clearly demonstrating satisfaction of them. For example, Mr. Chamblin has not convinced this Court that there is a substantial likelihood that he will prevail on the merits of his benefits claim.[4] Indeed, the Court fails to see

---

[3] Sunday, May 13, 2018, marks the elapse of 30 days from the service date. Because that deadline coincides with a weekend Defendant's window to timely remove is extended to Monday, May 14, 2018, under FED. R. CIV. P. 6(a)(1)(C). *See id.* (directing when computing time to "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday") (emphasis added). Under either scenario, Defendant's removal on May 11, 2018, was timely.

[4] When a moving party fails to carry his burden as to one of the elements, "it is unnecessary to address the other prerequisites to such relief." *Jefferson County*, 720 F.2d at 1519.

where the restraint-related relief sought by Mr. Chamblin in his PI Motion is, in any manner, linked to the underlying contents of his complaint against Defendant.

Instead, the Court perceives Mr. Chamblin's PI Motion as a misguided attempt to restrain Defendant from defending itself (in the manner that it sees fit) in this action. This Court lacks authority to enter an injunction that dictates how Defendant or Mr. Chamblin chooses to litigate this lawsuit. Further, the Court cannot require any party to settle a case involuntarily. Therefore, the relief requested by Mr. Chamblin is beyond the scope of what this Court has the power to award (regardless of whether Mr. Chamblin has clearly met the four preliminary injunctive elements).

## IV. Conclusion

Thus, consistent with the above reasoning, Mr. Chamblin's Remand and PI Motions are both **DENIED**.

**DONE** and **ORDERED** this the 23rd day of May, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge